IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

VINCENT EUGENE WILLIAMS,

    Petitioner,

v.                                 Civil Action No. 3:11CV417
                                   Civil Action No. 3:13CV245

HAROLD CLARKE,

    Respondent.

**MEMORANDUM OPINION**

Vincent Eugene Williams, a Virginia prisoner proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. In the § 2254 Petition, Williams challenged the August 21, 2009 decision of the Circuit Court for the County of Stafford ("Circuit Court") to revoke his probation. Williams v. Clarke, No. 3:11CV417, 2013 WL 458545, at *1 (E.D. Va. Feb. 6, 2013). By Memorandum Opinion and Order entered on February 6, 2013, the Court denied the petition and dismissed the action. Id. at *5.

Thereafter, Williams filed two Motions for Extension of Time (ECF Nos. 40 ("First Motion for Extension of Time"), 42 ("Second Motion for Extension of Time")), a Motion for Sanctions (ECF No. 41), and a Motion to Vacate pursuant to Federal Rule of Civil Procedure 60(b) (ECF No. 43). For the reasons that follow, the Court will deny Williams's First Motion for Extension of Time (ECF No. 40), grant his Second Motion for

Extension of Time (ECF No. 42), deny his Motion for Sanctions (ECF No. 41), and file his Motion to Vacate as an unauthorized, successive 28 U.S.C. § 2254 petition (ECF No. 43).

## I. Motions For Extension Of Time

In his First Motion for Extension of Time, Williams insists that he has "a fundamental right to challenge the Court's decision by submitting his motion to vacate or set aside the judgment for reconsideration." (ECF No. 40 ¶ 2.)[1] Williams seeks "an additional twenty (20) days in order to prepare all motions and affidavits intended to be filed." (Id. ¶ 3.) In his First Motion for Extension of Time, Williams appears to seek additional time to pursue a motion under Federal Rule of Civil Procedure 59(e) or 60(b). (Id. ¶¶ 2, 3.) The Federal Rules of Civil Procedure prohibit such an extension. See Fed. R. Civ. P. 6(b)(2) (precluding courts from extending the time to act under, inter alia, Rules 59(e) and 60(b)). Accordingly, the First Motion for Extension of Time (ECF No. 40) will be denied.

In his Second Motion for Extension of Time, Williams seeks "a 30 day time extention [sic] [to] file his notice of appeal [and] motion for COA [(certificate of appealability)]." (ECF

---

[1] The Court has corrected the capitalization in the quotations to Williams's submissions.

No. 42, at 2.) Williams represents that his incarceration and the burden of ligating multiple actions make it difficult for him to meet the deadline for noting an appeal. (Id. at 1-2.) Upon good cause shown, see Fed. R. App. P. 4(a)(5)(A)(ii), Williams's Second Motion for Extension of Time (ECF No. 42) will be granted in part. Specifically, Williams will be granted an extension of fourteen (14) days from the date of entry hereof to file a notice of appeal.[2] Furthermore, if Williams wishes to challenge this Court's denial of a certificate of appealability ("COA"), he should file such a challenge with the United States Court of Appeals for the Fourth Circuit.[3]

## II. Motion For Sanctions

In his Motion for Sanctions, Williams contends that counsel for Respondent has interfered with his ability to access the law

---

[2] "No extension under . . . Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C).

[3] Local Rule for the United States Court of Appeals for the Fourth Circuit 22(a)(1)(A) contemplates that review of a district court's denial of a COA should be directed to the Fourth Circuit not the district court. 4th Cir. Loc. R. 22(a)(1)(A) (when "the district court has not granted a [COA] . . . appellant may submit a request for a [COA] with the Court of Appeals specifying the issues on which the appellant seeks authorization to appeal and giving a statement of the reasons why a certificate should be issued").

3

library. (ECF No. 41, at 2.) Williams fails to demonstrate any actions by counsel for Respondent that warrant the imposition of sanctions. Accordingly, Williams's Motion for Sanctions (ECF No. 41) will be denied.

### III. Motion To Vacate

On March 12, 2013, Williams filed his Motion to Vacate. (ECF No. 43-3, at 1.)[4] In that motion, Williams requests relief under Federal Rule of Civil Procedure 60(b) and challenges this Court's resolution of the merits of his § 2254 Petition. As explained below, the Motion to Vacate must be treated as a successive, unauthorized 28 U.S.C. § 2254 petition.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district

---

[4] This is the date on the cover letter that accompanied Williams's Motion to Vacate and apparently the date he handed his Motion to Vacate to prison officials for mailing to this Court. Accordingly, that is the date the Court deems the Motion to Vacate filed. See Houston v. Lack, 487 U.S. 266, 276 (1988).

4

court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit instructed that inmates may not avoid the bar on successive collateral attacks on their convictions and sentences by inventive labeling. See United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003). Accordingly, "district courts must treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" Id. (quoting Calderon v. Thompson, 523 U.S. 538, 553 (1998)).

The Supreme Court has instructed that when, as here, a Rule 60(b) motion "seeks to revisit the federal court's denial on the merits of a claim for relief[, the Rule 60(b) motion] should be treated as a successive habeas petition." Gonzalez v. Crosby, 545 U.S. 524, 534 (2005). The Clerk will be directed to file the Motion to Vacate as a successive § 2254 Petition. Because the Court has not received authorization from the Fourth Circuit to file the successive petition, the action will be dismissed for want of jurisdiction.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this requirement only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Williams fails to meet this standard. A certificate of appealability will therefore be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Williams and counsel of record.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: July 18, 2013